BOYER v. KELLER et al.

(Circuit Court, E. D. Pennsylvania. January 30, 1902.)

No. 50.

EQUITY PLEADING—FAILURE TO ANSWER INTERROGATORIES—STATEMENT OF REASONS IN ANSWER.

Statements in an answer in excuse of the failure of defendant to answer interrogatories contained in the bill, framed under equity rule 44, should be as specific in setting out the grounds for such refusal as would be required in a demurrer for the same purpose.

In Equity. On exceptions to answer.

Edward Rector and Frank P. Prichard, for complainant.
E. Hayward Fairbanks, for respondents.

J. B. McPHERSON, District Judge. The first four exceptions to the answer do not need discussion. They seem to me to be clearly well founded, and they are accordingly sustained. The fifth exception complains of the defendants' failure to answer the interrogatories contained in the bill, and may, perhaps, call for a few words concerning the excuse offered for such failure. The excuse, which is evidently framed under rule 44, is as follows:

"As to the several interrogatories, Nos. 1 to 14, both inclusive, as these defendants may not have answered, they are advised and humbly submit that they are not bound to answer the same, and they therefore decline to answer said interrogatories; and these defendants claim the same benefit of the objection as if they had demurred to the same, or to the discovery sought thereby."

I do not think it to be my duty to go carefully over the bill and answer 14 times, in order to discover whether the interrogatories have been substantially answered; nor do I feel obliged to consider what the undisclosed reasons may be that relieve the defendants altogether from answering such of the interrogatories as they may not have replied to in substance. If the defendants have in effect already answered the interrogatories, it will do no harm to answer them again specifically and in regular order. If they have not answered some of them at all, the reasons for refusing so to do should be distinctly stated, so that the court may be able to judge whether the refusal stands upon a sufficient ground. If the defendants had attempted to protect themselves by demurrer, they would have been obliged to specify the reasons for asking protection; and the same obligation exists where the same result is sought by a different form of pleading.

It is therefore ordered that each interrogatory be separately answered, unless the defendants set forth distinctly the reason why they believe an answer may not lawfully be required; these amendments and additions to be filed within 15 days.